MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
60 East 42nd Street, Suite 2540
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
ALEJANDRO FONTANEZ, *individually and*
*on behalf of others similarly situated,*

|  |  |
|---|---|
| *Plaintiff,* | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)** |
| DELLET INDUSTRIES INC. (d/b/a NEW DOOR), SAL GAMBO, and JOHN DOE | **ECF Case** |
| *Defendants.* | |

-------------------------------------------------------X

Plaintiff Alejandro Fontanez, individually and on behalf of others similarly situated

(hereinafter, "Plaintiff Fontanez"), by and through his attorneys, Michael Faillace & Associates,

P.C., upon his knowledge and belief, and as against Dellet Industries Inc. (d/b/a New Door)

("Defendant Corporation"), Sal Gambo, and John Doe, alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff Fontanez is a former employee of defendants Dellet Industries Inc. (d/b/a New Door), Sal Gambo, and John Doe, (collectively, "Defendants").

2. Defendants own, operate, or control a Furniture maker located at 1 43rd Street, Unit L8, Brooklyn, New York 11232 under the name New Door.

3.      Upon information and belief, individual defendants Sal Gambo and John Doe, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the furniture maker as a joint or unified enterprise.

4.      Plaintiff Fontanez was employed as a carpenter.

5.      At all times relevant to this Complaint, Plaintiff Fontanez worked for Defendants in excess of 40 hours per week, without appropriate minimum wage or overtime compensation for the hours he worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, and failed to pay Plaintiff Fontanez appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendants failed to pay Plaintiff Fontanez the required "spread of hours" pay for any day in which he worked over 10 hours per day.

8.      In addition, defendants unlawfully deducted up to $100 from Plaintiff Fontanez's pay every two weeks.

9.      Defendants' conduct extended beyond Plaintiff Fontanez to all other similarly situated employees.

10.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Fontanez and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.     Plaintiff Fontanez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor

Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.     Plaintiff Fontanez seeks certification of this action as a collective action on behalf of himself individually and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Fontanez's state law claims under 28 U.S.C. § 1367(a).

14.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a furniture maker located in this district. Further, Plaintiff Fontanez was employed by Defendants in this district.

## THE PARTIES

*Plaintiff Fontanez*

15.     Plaintiff Alejandro Fontanez ("Plaintiff Fontanez" or "Mr. Fontanez") is an adult individual residing in Kings County, New York.

- 3 -

16.     Plaintiff Fontanez was employed by Defendants from approximately July 2014 until on or about September 18, 2016.

17.     Plaintiff Fontanez consents to being party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18.     At all relevant times, Defendants own, operate, or control a Furniture maker located at 1 43rd Street, Unit L8, Brooklyn, N.Y. 11232under the name "New Door."

19.     Upon information and belief, Dellet Industries Inc. (d/b/a New Door) is a domestic corporation organized and existing under the laws of the State of New York.

20.     Upon information and belief, Defendant Corporation has its principal place of business at 1 43rd Street, Unit L8, Brooklyn, New York, 11232, and its corporate headquarters at the same address.

21.     Defendant Sal Gambo, is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

22.     Defendant Sal Gambo is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporation.

23.     Defendant Sal Gambo possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controls significant functions of Defendant Corporation.

24.     Defendant Sal Gambo determined the wages and compensation of the employees of Defendants, including Plaintiff Fontanez, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

25.     Defendant John Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

26.     Defendant John Doe is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporation.

27.     Defendant John Doe possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controls significant functions of Defendant Corporation.

28.     Defendant John Doe determined the wages and compensation of the employees of Defendants, including Plaintiff Fontanez, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

29.     Defendants operate a Furniture maker located in the Sunset Park section of Brooklyn in New York City.

30.     The individual defendants, Sal Gambo and John Doe possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

31.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

32.     Each Defendant possessed substantial control over Plaintiff Fontanez (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Fontanez, and all similarly situated individuals, referred to herein.

33.     Defendants jointly employed Plaintiff Fontanez (and all similarly situated employees) and are Plaintiff Fontanez (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

34.     In the alternative, Defendants constitute a single employer of Plaintiff Fontanez and/or similarly situated individuals.

35.     Upon information and belief, individual defendants Sal Gambo and John Doe operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a.   failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a corporation,

b.   defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c.   transferring assets and debts freely as between all Defendants,

- 6 -

d.   operating Defendant Corporation for their own benefit as the sole or majority

shareholders,

e.   operating Defendant Corporation for their own benefit and maintaining control

over it as a closed corporation,

f.   intermingling assets and debts of their own with Defendant Corporation,

g.   diminishing and/or transferring assets of Defendant Corporation to avoid full

liability as necessary to protect their own interests, and

h.   other actions evincing a failure to adhere to the corporate form.

36.   At all relevant times, Defendants were Plaintiff Fontanez's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Fontanez, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Fontanez's services.

37.   In each year from 2014 to 2016, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

38.   In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the furniture maker on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

39.   Plaintiff Fontanez is a former employee of Defendants who was employed as a carpenter.

40.   Plaintiff Fontanez seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

- 7 -

*Plaintiff Alejandro Fontanez*

41.     Plaintiff Fontanez was employed by Defendants from approximately July 2014 until on or about September 18, 2016.

42.     Defendants employed Plaintiff Fontanez as a carpenter.

43.     Plaintiff Fontanez's work duties required neither discretion nor independent judgment.

44.     Throughout his employment with Defendants, Plaintiff Fontanez regularly worked in excess of 40 hours per week.

45.     From approximately July 2014 until on or about September  2016, Plaintiff Fontanez worked from approximately 8:00 a.m. until on or about 4:30 p.m. five days a week and from approximately 8:00 a.m. until on or about 7:00 p.m. four times a month (typically 42.5 to 45  hours per week).

46.     Throughout his employment with defendants, Plaintiff Fontanez was paid his wages in cash.

47.     From approximately July 2014 until on or about September 2016, defendants paid Plaintiff Fontanez $10.00 per hour for the first 40 hours of the week.

48.     Plaintiff Fontanez's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

49.     Specifically, Defendants required Plaintiff Fontanez to stay two and a half hours past his scheduled departure time four times a month, and did not pay him any additional pay.

50.     Defendants did not pay Plaintiff Fontanez any wages for the last two weeks he worked for them.

51.     In addition, defendants illegally deducted up to $100 from Plaintiff Fontanez's pay every two weeks.

52.     No notifications, either in the form of posted notices or other means, were ever given to Plaintiff Fontanez regarding overtime and wages under the FLSA and NYLL.

53.     Furthermore, Defendants never provided Plaintiff Fontanez with a statement of wages with each payment of wages, as required by NYLL 195(3).

54.     Defendants never gave any notice to Plaintiff Fontanez, in English and in Spanish (Plaintiff Fontanez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

55.     Defendants required Plaintiff Fontanez to purchase tools of the trade" with his own funds—including four boxes of masks, 12 packs of gloves, six shirts and two pairs of special boots.

*Defendants' General Employment Practices*

56.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Fontanez (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, overtime, and spread of hours pay as required by federal and state laws.

57.     Plaintiff Fontanez was a victim of Defendants' common policy and practices which violated his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

58.     Defendants' pay practices resulted in Plaintiff Fontanez not receiving payment for all his hours worked, resulting in Plaintiff Fontanez's effective rate of pay falling below the required minimum wage rate.

59.     Defendants habitually required Plaintiff Fontanez to work additional hours beyond his regular shifts but did not provided him with any additional compensation.

60.     As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Fontanez by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

61.     Specifically, Defendants unlawfully deducted up to $100 from Plaintiff Fontanez's pay every two weeks , in violation of New York Labor Law §193.

62.     At no time did Defendants get Plaintiff Fontanez's voluntary written approval to deduct from his pay.

63.      At no time did Defendants provide Plaintiff Fontanez with a notice of intent to deduct; or provide Plaintiff Fontanez  with a procedure by which he could dispute the deductions as outlined by 12 N.Y.C.R.R §195-5.1.  These deductions were therefore impermissible.

64.     In addition, defendants regularly required Plaintiff Fontanez to work two and a half additional hours beyond his regular shifts and did not compensate him for these additional hours of work.

65.     Plaintiff Fontanez was paid his wages entirely in cash.

66.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Fontanez (and similarly situated individuals) worked, and to avoid paying Plaintiff Fontanez properly for his full hours worked.

- 10 -

67.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

68.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Fontanez and other similarly situated current and former employees.

69.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

70.     Defendants failed to provide Plaintiff Fontanez and other employees with wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

71.     Defendants failed to provide Plaintiff Fontanez and other employees, at the time of hiring and on or before February 1st of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

72.     Plaintiff Fontanez brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants on or after the date that is three years before the filing of this Complaint (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

73.     At all relevant times, Plaintiff Fontanez, and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions.

74.     At all relevant times, Plaintiff Fontanez, and other members of the FLSA Class who are and/or have been similarly situated, have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the minimum wage, overtime at a one and one-half times his regular rates for work in excess of forty (40) hours per workweek And willfully taking improper wage deductions and

other improper credits against Plaintiff's wages for which Defendants did not qualify under the FLSA.

75.     The claims of Plaintiff Fontanez stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

76.     Plaintiff Fontanez repeats and realleges all paragraphs above as though fully set forth herein.

77.     At all times relevant to this action, Defendants were Plaintiff Fontanez's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Fontanez, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

78.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

79.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

80.     In violation of 29 U.S.C. § 206(a), Defendants failed to pay Plaintiff Fontanez at the applicable minimum hourly rate.

81.     Defendants' failure to pay Plaintiff Fontanez at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

82.     Plaintiff Fontanez (and the FLSA class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

83.     Plaintiff Fontanez repeats and realleges all paragraphs above as though fully set forth herein.

84.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Fontanez overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

85.     Defendants' failure to pay Plaintiff Fontanez, and the putative FLSA Class members, overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

86.     Plaintiff Fontanez (and the FLSA class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

87.     Plaintiff Fontanez repeats and realleges all paragraphs above as though fully set forth herein.

88.     At all times relevant to this action, Defendants were Plaintiff Fontanez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Fontanez, controlled his terms and conditions of employment, and determined the rates and methods of any compensation in exchange for his employment.

89.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Fontanez less than the minimum wage.

90.     Defendants' failure to pay Plaintiff Fontanez the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

91.     Plaintiff Fontanez (and the FLSA class members) were damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**(VIOLATION OF THE OVERTIME PROVISIONS OF THE**
**NEW YORK STATE LABOR LAW)**

92.     Plaintiff Fontanez repeats and realleges all paragraphs above as though fully set forth herein.

93.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Fontanez overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

94.     Defendants failed to pay Plaintiff fontanez in a timely fashion, as required by Article 6 of the New York Labor Law.

95.     Defendants' failure to pay Plaintiff Fontanez overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

96.     Plaintiff Fontanez (and the FLSA class members) were damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**(VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**
**OF THE NEW YORK COMMISSIONER OF LABOR)**

97.     Plaintiff Fontanez repeats and realleges all paragraphs above as though fully set forth herein.

98.     Defendants failed to pay Plaintiff Fontanez one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Fontanez spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order

- 15 -

of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 142-1.6.

99.     Defendants' failure to pay Plaintiff Fontanez an additional hour's pay for each day Plaintiff Fontanez spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

100.    Plaintiff Fontanez (and the FLSA class members) were damaged in an amount to be determined at trial.

<u>**SIXTH CAUSE OF ACTION**</u>
**(VIOLATION OF THE NEW YORK LABOR LAW FOR UNLAWFUL DEDUCTIONS)**

101.    Plaintiff Fontanez repeats and realleges all paragraphs above as though fully set forth herein.

102.    At all relevant times, Defendants were Plaintiff Fontanez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

103.    New York State Labor Law prohibits any employer or his agents, including managers, from making any deduction from the wages of an employee for any reason except for those permitted by N.Y. Lab. Law § 193(1).

104.    In order to make deductions due to purported overpayments, New York State Law requires the employer to follow the guidelines outlined by 12 N.Y.C.R.R §195-5.1, which requires that employees receive a notice of intent to deduct, and a process by which they may challenge the deductions.

105.    The failure to adhere to these requirements will create the presumption that the contested deduction was illegal.

106.    Defendants' knowing and intentional retention of a portion of Plaintiff Fontanez's wages were willful violations of the NYLL and supporting Department of Labor Regulations.

107.    As a result of Defendants' willful violations of the NYLL, Plaintiff Fontanez is entitled to recover from Defendants his unpaid wages, reasonable attorneys' fees, and pre-judgment and post-judgment interest.

108.    Plaintiff Fontanez (and the FLSA class members) were damaged in an amount to be determined at trial.

**SEVENTH CAUSE OF ACTION**
**(VIOLATION OF THE NOTICE AND RECORDKEEPING**
**REQUIREMENTS OF THE NEW YORK LABOR LAW)**

109.    Plaintiff Fontanez repeats and realleges all paragraphs above as though fully set forth herein.

110.    Defendants failed to provide Plaintiff Fontanez with a written notice, in English and in Spanish (Plaintiff Fontanez's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

111.    Defendants are liable to Plaintiff Fontanez in the amount of $5,000, together with costs and attorney's fees.

**EIGHTH CAUSE OF ACTION**

- 17 -

**(VIOLATION OF THE WAGE STATEMENT PROVISIONS
OF THE NEW YORK LABOR LAW)**

112.    Plaintiff Fontanez repeats and realleges all paragraphs above as though set forth fully herein.

113.    With each payment of wages, Defendants failed to provide Plaintiff Fontanez with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

114.    Defendants are liable to Plaintiff Fontanez in the amount of $5,000, together with costs and attorney's fees.

**NINTH CAUSE OF ACTION
(RECOVERY OF EQUIPMENT COSTS)**

115.    Plaintiff Fontanez repeats and realleges all paragraphs above as though set forth fully herein.

116.    Defendants required Plaintiff Fontanez to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, such as gloves, masks and boots, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198b.

117.    Plaintiff Fontanez was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Fontanez respectfully request that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Fontanez (including the prospective collective class members);

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Fontanez (including the prospective collective class members);

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Fontanez's (and the prospective collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiff Fontanez (including the prospective collective class members);

(f)     Awarding Plaintiff Fontanez (including the prospective collective class members) damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Fontanez (including the prospective collective class members)

liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Fontanez;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Fontanez;

(j)     Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Fontanez;

(k)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Fontanez's compensation, hours, wages and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order was willful as to Plaintiff Fontanez;

(m)     Declaring that Defendants violated section 191 of the New York Labor Law;

(n)     Declaring that Defendants violated section 193 of the New York Labor Law;

(o)     Awarding Plaintiff Fontanez damages for the amount of unpaid minimum and overtime wages, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL, as applicable;

(p)     Awarding Plaintiff Fontanez damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(q)     Awarding Plaintiff Fontanez liquidated damages in an amount equal to one

hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL §s 193 and 198(3);

(r)     Awarding Plaintiff Fontanez (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

(s)     Awarding Plaintiff Fontanez (including the prospective collective class members) the expenses incurred in this action, including costs and attorneys' fees;

(t)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(u)     All such other and further relief as the Court deems just and proper.


JURY DEMAND

Plaintiff Fontanez demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York
December 9, 2016

                                    MICHAEL FAILLACE & ASSOCIATES, P.C.

                         By:     /s/ Michael Faillace
                                    Michael Faillace [MF-8436]
                                    MICHAEL FAILLACE & ASSOCIATES, P.C.
                                    Michael A. Faillace [MF-8436]
                                    60 East 42nd Street, suite 2540
                                    New York, New York 10165
                                    Telephone: (212) 317-1200
                                    Facsimile: (212) 317-1620

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2020
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

December 12, 2016

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Alejandro Fontanez

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     12 de diciembre de 2016

*Certified as a minority-owned business in the State of New York*